**JOHN E. CASSINAT (SBN 131214)**
*(*E-Mail:  john@cassinat.com)
**RONALD L. CARELLO (SBN 179238)**
*(*E-Mail:  carello@cassinat.com
CASSINAT LAW CORPORATION
4815 Laguna Park Drive, Suite C
Elk Grove, CA 95758
(916) 393-3030 - Office
(916) 393-4238 - Fax

**ROBERT E. AYCOCK** (*Pro Hac Vice Forthcoming*)
*(*E-Mail:  raycock@wnlaw.com)
**CHAD E. NYDEGGER** (*Pro Hac Vice Forthcoming*)
(E-Mail: cnydegger@wnlaw.com)
WORKMAN│NYDEGGER A Professional Corporation
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:  (801) 328-1707

Attorneys for Clearplex Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEARPLEX CORPORATION, | Case No. |
| Plaintiff(s), | **COMPLAINT FOR:** |
| | **1. PATENT INFRINGEMENT;** |
| v. | **2. FALSE ADVERTISING AND UNFAIR COMPETITION UNDER THE LANHAM ACT;** |
| BRAY GROUP, a/k/a, BRAY a/ka/ THE BRAY GROUP, INC., a/k/a BRAY GROUP INC., and ALAN BRAY | **3. FALSE ADVERTISING; AND 4. UNFAIR COMPETITION** |
| Defendant(s). | **DEMAND FOR JURY TRIAL** |
| _____/ | |

Plaintiff ClearPlex Corporation ("ClearPlex") for its Complaint against defendants Bray Group, a/k/a Bray, a/k/a The Bray Group, Inc., a/k/a Bray Group Inc. ("Bray") and Alan Bray, individually, (collectively "Defendants") alleges as follows:

/ / /

/ / /

Complaint - Demand for Jury Trial                    1

**THE PARTIES**

1.      ClearPlex is a corporation organized and existing under the laws of the State of Utah with a principal place of business located at 9466 South 670 West, Sandy, Utah 84070.

2.      On information and belief, defendant Bray is California company doing business in this judicial district, with a principal place of business located at 8679 White Peacock Way, Elk Grove, California 95624.

3.      On information and belief, Alan Bray is an individual and a resident of the State of California, who resides within this judicial district, and is the Chief Executive Officer of Bray, which has its principal place of business within this judicial district.

**JURISDICTION**

4.      This is a civil action ("Action") for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.*

5.      The Action is also for Defendants' false advertising and unfair competition pursuant to 15 U.S.C. §1125, and for related claims under applicable state and common law.

6.      Subject matter jurisdiction of this Court over this Action is founded upon 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b).

7.      In addition to the foregoing, this Action also is one whereby there is complete diversity of citizenship between ClearPlex (deemed to be a citizen of the State of Utah), on the one hand, and Bray (deemed to be a citizen of the State of California) and Alan Bray (deemed to be a citizen of the State of California), on the other hand, with the amount in controversy exceeding $75,000.  Thus, subject matter jurisdiction of this Court also is founded upon 28 U.S.C. § 1332.

8.      This Court has jurisdiction over ClearPlex's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to ClearPlex's federal unfair competition claim, over which this Court has original jurisdiction, that they form part of the same case and controversy under Article III of the United States Constitution.

/ / /

/ / /

Complaint - Demand for Jury Trial                2

1       9.     On information and belief, not only are Defendants residents of the State of

2  California (and of this judicial district), but Defendants also have transacted business, contracted

3  to supply goods or services, and caused injury within the State of California (and this judicial

4  district), and have otherwise purposely availed themselves of the privileges and benefits of the

5  laws of the State of California, and are therefore subject to this Court's exercise of personal

6  jurisdiction over them pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

7                                    **VENUE**

8       10.    In light of the matters set forth in paragraph nos. 1 through 9, inclusive, above,

9  venue of this Action is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

10                     **BACKGROUND AND FACTUAL ALLEGATIONS**

11       11.    ClearPlex is a leading innovator and manufacture of protective laminates for

12  transparent surfaces such as automobile windshields.  ClearPlex has spent considerable time and

13  resources to protect its intellectual property rights for its innovative protective laminate products

14  and designs.

15       12.    The fruits of ClearPlex's expenditures of resources to protect its intellectual

16  property are a number of issued and pending United States patents.  ClearPlex is the owner by

17  assignment of United States Patent Nos. 7,992,917 ("'917 patent") and 8,172,300 ("'300

18  patent").  ClearPlex is also the owner by assignment of United States Patent Application No.

19  12/111,537 ("'537 application").

20       13.    On August 9, 2011, the '917 patent entitled "Protective Laminates For

21  Windshields" was duly and legally issued to Chris McCormick, A. Brent Strong, Mike D.

22  Ridges, Kevin A. Plumb and Jeff Smith as inventors. A true and correct copy of the '917 patent

23  is attached hereto as Exhibit A.

24       14.    On May 8, 2012, the '300 patent entitled "Protective Laminates" was duly and

25  legally issued to Chris McCormick, A. Brent Strong, Mike D. Ridges, Kevin A. Plumb and Jeff

26  Smith as inventors. A true and correct copy of the '300 patent is attached hereto as Exhibit B.

27  / / /

28  / / /

Complaint - Demand for Jury Trial       3

15.     On August 28, 2008, the '537 application was published as United States Patent Application Publication No. 2008/0206522.  A true and correct copy of United States Patent Application Publication No. 2008/0206522 of the '537 application is attached hereto as Exhibit C.

16.     On or about March 24, 2008, ClearPlex acquired by assignment all right, title and interest in and to the '917 and the '300 patents.  The '917 and '300 patents are valid and in force.

17.     On or about April 26, 2005, ClearPlex acquired by assignment all right, title and interest in and to the '537 application.

18.     On August 25, 2014, the United States Patent and Trademark Office issued a non-final office action in the '537 application.  In this office action, the examiner indicated that some of the claims of the '537 application were allowed.  The allowed claims of the '537 application are substantially the same as they were at the time of their publication.

19.     On information and belief, Defendants design and manufacture protective laminates for glass, including Bray's Windshield Skin, Windshield Skin kits, TopSkin, Base Skin, Eco Skin, Eco Skin Plus, Race Skin, and Race Skin Plus products.  According to Bray's 2015 Windshield Skin Catalog, Bray "designed, cut, and molded" its Windshield Skin product in California and that "Bray remains committed to the superiority of All-American manufacturing and production."  A copy of Bray's 2015 Windshield Skin Catalog is attached hereto as Exhibit D.

20.     Bray further claims in its 2015 Windshield Skin Catalog that it "firmly believes that the most effective and efficient means to ensure unmatched quality and performance is to guarantee all of our product is fully constructed and manufactured in the United States of America, sourcing only American made raw materials, utilizing only American converters."

21.     In its 2015 Windshield Skin Catalog, Bray advertises that it has "work[ed] with Italian auto manufacture, Ferrari, protecting their windshields since 2009 and with Italian auto manufacture, Lamborghini, since 2011.  Bray's Windshield Skin has gone through rigorous testing by the auto manufactures for clarity, ease of installation, removal and durability.  Bray's Windshield Skin has now become a staple product for the manufactures."  On information and

belief, these statements are false and/or misleading.

22.     On information and belief, Defendants have contacted ClearPlex customers and/or distributors in an attempt to displace ClearPlex's protective film products with Bray's infringing Windshield Skin products.  On further information and belief, Bray, in its attempts to displace ClearPlex, has made similar false and/or misleading statements to ClearPlex's customers and/or distributors.

23.     Bray further states in its  2015 Windshield Skin Catalog under the heading "*New Super Hard Coat*" that "BRAY's new product line has the newest, highest quality and durable polyethylene terephthalate (PET) film made with BRAY's-proprietary Type 3 super hard coating for scratch resistance."

24.     Bray also advertises in its 2015 Windshield Skin Catalog that its Windshield Skin product is "TRUSTED AND USED BY FERRARI AND LAMBORGHINI AND OTHER CAR MANUFACTURES ALL OVER THE WORLD."

25.     On information and belief, Bray also designs, manufactures, sells and distributes a laminate product line, including Bray's Windshield Skin Base Skin and Top Skin.  In its 2015 Windshield Skin Catalog, Bray advertises that its Top Skin is "replaceable . . . designed to be applied on top of all our Base Skin and replaced as needed."  Bray further claims in this advertisement that its "original Windshield Skin Base Skin is an optically clear polyester base that is designed to take whatever the road dishes out.  Impacts that would normally shatter unprotected glass now preserving its optical clarity."

26.     In its 2015 Windshield Skin Catalog and on its website, www.braygroup.com/index.html and www.braygroup.com/topskin.html, Bray advertises that:

> Bray has been working with Italian auto manufacture, Ferrari, protecting their windshields since 2009 and with Italian auto manufacture, Lamborghini, since 2011.  Bray's Windshield Skin has gone through rigorous testing by the auto manufacturers for clarity, ease of installation, removal, and durability.  Bray's Windshield Skin has now become a staple product for the manufactures.

/ / /

/ / /

27.     On information and belief, Bray's advertising statement that it's "Windshield Skin has now become a staple product for the manufactures" is literally false and/or misleading.

28.     On May 1, 2013, counsel for ClearPlex sent Defendants a letter informing them of ClearPlex's rights in the '917 and '300 patents and its United States Patent Application Publication No. 2008/0206522.  In this letter, ClearPlex also informed Defendants that 35 U.S.C. § 284 provides that the owner of a patent can obtain a reasonable royalty from any person who, during the period from the date of publication of that patent application to the date the patent issues, makes, uses, offers for sale and/or sells the invention claimed.  A copy of that letter is attached hereto as Exhibit E.

29.     On August 29, 2013, counsel for ClearPlex sent via facsimile another letter to Defendants informing them of ClearPlex's rights in the '917 and '300 patents and the '537 application.  A copy of that letter is attached hereto as Exhibit F.

30.     On October 3, 2013, counsel for ClearPlex sent a follow-up letter to its August 29, 2013 letter, via facsimile, again informing Defendants of ClearPlex's patent rights and requesting that Defendants acknowledge receipt of its letters.  A copy of that letter is attached hereto as Exhibit G.

31.     On October 31, 2013, ClearPlex sent another letter to Defendants via Federal Express.  In this letter, ClearPlex again informed Defendants of its rights in the '917 and '300 patents and the '537 application.  On information and belief, Defendants refused to accept delivery of the October 31, 2013 letter.

32.     Defendants have been and are now infringing the '917 and the '300 patents, in this judicial district and elsewhere, by designing, manufacturing, using, selling and distributing certain protective laminates for glass including the Windshield Skin product which, individually or in combination, incorporates and/or uses subject matter claimed by the '917 and '300 patents.

/ / /

/ / /

/ / /

/ / /

# FIRST CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,992,917)

33.     ClearPlex refers to and incorporates herein by reference paragraphs 1-31.

34.     The '917 patent is directed to protective films used to protect windshields on automobiles from shattering, chipping, and scratching.  The protective films include layers made from flexible materials, such as one or more plastics, acrylics, and/or resins, held together as a laminate and to the windshield with adhesives.  The protective films protect the windshield by absorbing the impact of objects such as debris.  The protective films also include a scratch-resistant coat that serves to protect the optical clarity of the film by resisting scratching from windshield wipers or other objects.

35.     The claims of the '917 patent cover protective laminates used to protect windshields.

36.     Defendants, by the acts complained herein, and by making, using, selling, offering for sale, and/or exporting from the United States products that embody the invention, have in the past, do now, and continue to directly infringe the claims of the '917 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

37.     Defendants, by the acts complained herein, have in the past, do now, and continue to induce their customers of Bray Windshield Skins to directly infringe the claims of the '917 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

38.     Defendants had actual knowledge of the '917 patent, or are willfully blind of the '917 patent, in view of the numerous letters sent to Defendants concerning that patent.

39.     Despite their knowledge of the '917 patent, Defendants have instructed their customers to directly infringe the claims of the '917 patent by instructing them to purchase and install Bray Windshield Skins on automobile windshields as covered by the claims of the '917 patent.

40.     Defendants, by the acts complained herein, have in the past, do now, and continue to contribute to their customers' direct infringement of the claims of the '917 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

41.     Defendants' Bray Windshield Skins have no substantial non-infringing use because their only use is to be installed on windshields to protect them from optical damage.

42.     Defendants provide their customers with laminate products that are specially designed and made and adapted for installation on windshields in a manner that infringes the claims of the '917 patent.

43.     By reason of the acts of Defendants alleged herein, ClearPlex has suffered damage in an amount to be proved at trial.

44.     Further, Defendants threaten to continue to engage in acts complained herein and, unless restrained and enjoined, will continue to do so, all to ClearPlex's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford ClearPlex adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  ClearPlex does not have an adequate remedy at law to compensate it for the injuries threatened.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,172,300)

45.     ClearPlex refers to and incorporates herein by reference paragraphs 1-43.

46.     The '300 patent is directed to protective films used to protect transparent surfaces, such as automobile windshields, from shattering, chipping, and scratching.  The protective films include layers made from flexible materials, such as one or more plastics, acrylics, and/or resins, held together as a laminate and to the windshield with adhesives.  The protective films protect the windshield by absorbing the impact of objects such as debris.  The protective films also include a scratch-resistant coat that serves to protect the optical clarity of the film by resisting scratching from windshield wipers or other objects.

47.     The claims of the '300 patent relate to protective laminates used to protect transparent surfaces from optical damage.

/ / /

/ / /

/ / /

1    48.    Defendants, by the acts complained herein, and by making, using, selling, offering

2    for sale, and/or exporting from the United States products that embody the invention, have in the

3    past, do now, and continue to directly infringe the claims of the '300 literally and/or under the

4    doctrine of equivalents, in violation of 35 U.S.C. § 271.

5    49.    Defendants, by the acts complained herein, have in the past, do now, and continue

6    to induce their customers of Bray Windshield Skins to directly infringe the claims of the '300

7    patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

8    50.    Defendants had actual knowledge of the '300 patent, or are willfully blind of the

9    '300 patent, in view of the numerous letters sent to Defendants concerning that patent.

10    51.    Despite their knowledge of the '300 patent, Defendants have instructed their

11    customers to directly infringe the claims of the '300 patent by instructing them to purchase and

12    install Bray Windshield Skins on automobile windshields as covered by the claims of the '300

13    patent.

14    52.    Defendants, by the acts complained herein, have in the past, do now, and continue

15    to contribute to their customers' direct infringement of the claims of the '300 patent literally

16    and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

17    53.    Defendants' Bray Windshield Skins have no substantial non-infringing use

18    because their only use is to be installed on windshields to protect them from optical damage.

19    54.    Defendants provide their customers with laminate products that are specially

20    designed and made and adapted for installation on windshields in a manner that infringes the

21    claims of the '300 patent.

22    55.    By reason of the acts of Defendants alleged herein, ClearPlex has suffered damage

23    in an amount to be proved at trial.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

56.   Further, Defendants threaten to continue to engage in acts complained herein and, unless restrained and enjoined, will continue to do so, all to ClearPlex's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford ClearPlex adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  ClearPlex does not have an adequate remedy at law to compensate it for the injuries threatened.

### THIRD CLAIM FOR RELIEF

(Federal False Advertising Under 15 U.S.C. § 1125(a)(1)(B))

57.   ClearPlex refers to and incorporates herein by reference paragraphs 1-55.

58.   Defendants' false and misleading representations in its catalog, on its website, and verbally made to ClearPlex's customers and/or distributors that its "Windshield Skin has now become a staple product for the manufactures" constitutes false advertising under 15 U.S.C. § 1125(a)(1)(B).

59.   Defendants' false and/or misleading representations of fact have deceived and/or are likely to deceive purchasers of protective laminates.

60.   On information and belief, Defendants' false and/or misleading advertisement was made willfully and Defendants will continue their false advertising unless enjoined by this Court.

61.   ClearPlex has been and will likely continue to be damaged and irreparably harmed by Defendants' false and/or misleading representations.

62.   Defendants' acts alleged herein have caused ClearPlex, and unless enjoined will continue to cause ClearPlex, irreparable harm.  ClearPlex has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

### FOURTH CLAIM FOR RELIEF

(False Advertising, Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

63.   ClearPlex refers to and incorporates herein by reference paragraphs 1-61.

64.   California Business & Professions Code §§ 17500, *et seq.* prohibits false advertising, including any unfair, deceptive, untrue, or misleading statements.

/ / /

65.   Defendants have used, made, approved, and sponsored false and misleading representations of fact in written commercial advertisements, including but not limited to the 2015 Bray catalog and website discussed above, that misrepresent its commercial activities. Defendants knew, or in the exercise of reasonable care should have known, that these statements were false and/or misleading.

66.   Defendants' false and/or misleading statements are made in connection with their sale of Defendants' Bray Windshield Skin products and with the intent of causing potential and existing ClearPlex customers to switch from purchasing ClearPlex protective laminate products to Defendants' protective laminate products.

67.   ClearPlex has been, is now, and will be irreparably injured by Defendants' acts, and unless Defendants are preliminarily and permanently enjoined from continuing such acts by this Court, ClearPlex will suffer further harm. This harm constitutes an injury for which ClearPlex has no adequate remedy at law. Defendants should therefore be preliminarily and permanently enjoined from engaging in the conduct described above.

**FIFTH CLAIM FOR RELIEF**

(Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

68.   ClearPlex refers to and incorporates herein by reference paragraphs 1-66.

69.   California Business & Professions Code §§ 17200, *et seq.*, the California Unfair Competition law, prohibits acts of unfair competition, including any unlawful, unfair, or fraudulent business acts or practices.

70.   Defendants' false and/or misleading advertisement, as described above, constitutes unlawful, unfair, or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising.

71.   The unlawful conduct alleged herein has caused ClearPlex, and unless enjoined, will continue to cause ClearPlex irreparable harm.  ClearPlex has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

/ / /

/ / /

1

### SIXTH CLAIM FOR RELIEF

2

(False Advertising in Violation of California Common Law)

3

72.     ClearPlex refers to and incorporates herein by reference paragraphs 1-70.

4

73.     Defendants' false and/or misleading advertisements, as described above,

5

constitute false advertising in violation of California common law.

6

74.     ClearPlex has been and will likely continue to be damaged by Defendants' false

7

and/or misleading representations in an amount to be determined at trial.

8

75.     On information and belief, Defendants' acts have caused ClearPlex, and unless

9

enjoined will continue to cause ClearPlex, irreparable harm.  ClearPlex has no adequate remedy

10

at law and is entitled to preliminary and permanent injunctive relief.

11

### SEVENTH CLAIM FOR RELIEF

12

(Unfair Competition Under California Common Law)

13

76.     ClearPlex refers to and incorporates herein by reference paragraphs 1-74.

14

77.     Defendants' advertisements that it's Windshield Skin "has now become a staple

15

product for the manufactures" Ferrari and Lamborghini constitutes unfair competition in

16

violation of California common law.

17

78.     ClearPlex has been and will likely continue to be damaged by the unlawful

18

conduct alleged herein in an amount to be determined at trial.

19

79.     The unlawful conduct alleged herein has caused ClearPlex, and unless enjoined

20

will continue to cause ClearPlex, irreparable harm.  ClearPlex has no adequate remedy at law and

21

is entitle to preliminary and permanent injunctive relief.

22

### JURY DEMAND

23

80.     Plaintiff demands a jury trial on all disputed issues that are so triable.

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

/ / /

Complaint - Demand for Jury Trial              12

**PRAYER FOR RELIEF**

WHEREFORE, ClearPlex demands a judgment in its favor and demands the following relief:

1.      For an order finding that the '917 patent is valid and enforceable;

2.      For an order finding that the '300 patent is valid and enforceable;

3.      For an order finding that Defendants have infringed the claims of the '917 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

4.      For an order finding that Defendants have infringed the claims of the '300 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

5.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the claims of the '917 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

6.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the claims of the '300 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

7.      For an order directing Defendant to deliver to Plaintiff for destruction or other disposition all infringing products and systems in its possession;

8.      For an order directing Defendant to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendant has complied with the injunction;

9.      For an order awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendant' profits or gains of any kind from its acts of patent infringement;

10.     For an order awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

11.     For an order requiring an accounting of the damages to which Plaintiff is found to be entitled;

12.     For an order awarding Plaintiff pre-judgment and post-judgment interest;

13.     For an order declaring that Defendants are jointly and severally liable for false advertising, unfair competition, deceptive trade practices, and fraud under the Lanham Act, 15 U.S.C. § 1125, the common law, and the laws of the State of California;

14.     For an Order prohibiting and enjoining Defendants, their respective agents and servants, and any and all persons acting in concert with them, from producing, manufacturing, marketing, advertising, promoting, offering for sale, selling, or distributing protective laminate products, including Bray's Windshield Skin.

15.     For an Order requiring Defendants to remove and delete all false and/or misleading advertising statements that its products are authorized, applied to, or used by any automobile manufacture as a staple product included with the manufactures' automobiles.

16.     For an Order requiring Defendants to destroy any labels, signs, prints, packages, wrappers, receptacles, and advertisements containing any false or misleading statement.

17.     For an Order requiring Defendants to circulate corrective advertising.

18.     For a decree ordering an accounting by Defendants to establish all profits realized as a result of the wrongful acts set forth in this Complaint.

19.     Judgment against Defendants specifically including but not limited to the following, to the extent allowed by law (including 15 U.S.C. §§ 1114, 1117, and 1125, and the laws of California):

        a.     actual monetary damages sustained by ClearPlex;

        b.     the profits unlawfully earned by Defendants as a result of their unlawful acts, as set forth herein;

        c.     treble damages;

Complaint - Demand for Jury Trial          14

1          d.      punitive damages;

2          e.      costs and prejudgment interest; and

3          f.      attorneys' fees.

4     20.      Such other and further relief as the Court deems appropriate and just under the

5 circumstances.

7 DATED:  September 10, 2014         Respectfully submitted,

CASSINAT LAW CORPORATION

*/s/ John E. Cassinat*
John E. Cassinat (SBN 131214), Attorney for
Clearplex Corporation

WORKMAN NYDEGGER

*/s/ Robert E. Aycock*
Robert E. Aycock *(Pro Hac Vice Forthcoming)*
Chad E. Nydegger *(Pro Hac Vice Forthcoming)*

Complaint - Demand for Jury Trial     15